No. 39,949

Philip Roth, Earl McCullough, Katie E. Sanders, Grant Hines, Russell Hines, Walter J. Welch, Pauline Shellhorn, Jean H. Allen, Glenn Walker, and Ralph Sparks, *Appellants*, v. Common School District No. 34, Neosho County, State of Kansas; J. M. Sanders, as Director, Walter R. Meeker, as Treasurer, Duward Hines, as Clerk of the School Board of Common School District No. 34, Neosho County, State of Kansas; Common School District No. 105, Neosho County, State of Kansas; Clark M. Fleming, as Director, Marion Richey, as Treasurer, Virgil Moody, as Clerk, and Louis Edwards and Lee Clark as Members of the School Board of Common School District No. 105, Neosho County, Kansas; Nelle H. Stevens, as County Superintendent of Public Instruction of Neosho County, Kansas; Wendell Bowyer, as County Clerk of Neosho County, Kansas, and Faith Leatherman, as County Treasurer of Neosho County, Kansas; The Board of County Commissioners of the County of Neosho, State of Kansas, *Appellees*.

(293 P. 2d 1020)

Opinion filed February 29, 1956.

*Stanley E. Toland*, of Iola, argued the cause, and was on the briefs for the appellants.

*George W. Donaldson*, of Chanute, argued the cause, and *Charles F. Forsyth*, of Erie, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Wertz, J.: This was a taxpayers' injunction action. The appeal is from an order sustaining defendants' demurrers to the plaintiffs' amended petition.

Appellant taxpayers will be hereinafter referred to as plaintiffs,

and appellee school district and other officials will be referred to as defendants.

The petition, as amended, omitting formal parts, alleged in substance that plaintiffs were resident taxpayers and qualified voters in the territory comprising common-school district No. 34 in Neosho county, and that their property was subject to assessment and taxation for the benefit of that district; that prior to September 8, 1954, the board of common-school district No. 34 called a special meeting of the qualified voters of the district to be held at the schoolhouse on September 20, at 8 o'clock, for the purpose stated in the posted notice of the meeting. The notice read:

"A special meeting of the voters of School Dist. No. 34 County of Neosho, and State of Kansas, will be held at Doane-Dodd School House on the 20 day of September, 1954, at 8 o'clock, P. M. for the purpose of annexing or consolidating with one or more districts, enrolling in another district or reopening District No. 34 . . ."

Pursuant to the notice, a meeting of the qualified voters of the district was held, and the action taken at the meeting was set forth in the minutes as follows:

"Motion made by Clifford McClure that Dist. No. 34 annex to District 105 and Dist. No. 34 assumes its share of the bonded indebtedness.

"Seconded by Virgil Hines. 42 patrons of District present. Motion carried. 23 for. 19 against. . . ."

In voting on the mentioned motion, a blank slip of paper was submitted to each of the qualified voters in attendance. Each qualified elector at the meeting wrote on the blank piece of paper received by him either the word "yes" or the word "no". The votes were collected and tabulated, resulting in 23 "yes" votes and 19 "no" votes, and the motion was declared carried. Copies of the proposition and the vote were transmitted to defendant school board of common-school district No. 105, and to the defendant Nelle H. Stevens, as county superintendent of public instruction in Neosho county. Within twenty days after the special meeting, common-school district No. 105, by action of the board, approved the proposition of annexation of school district No. 34 to district No. 105, and the assumption of its share of the bonded indebtedness of district No. 105. Notice of such approval of the annexation and assumption of bonded indebtedness had been given as provided by law.

Plaintiff further alleged that the action taken at the special meeting of district No. 34, on September 20, in voting to assume its

share of the bonded indebtedness of common-school district No. 105, was illegal and void for the reason that the notice of the special meeting did not specify as an object of the meeting the proposition of the assumption by district No. 34 of its share of the bonded indebtedness of any common-school district to which it might be determined by said meeting to be annexed.

It was further alleged that if the action of district No. 34 in assuming its share of the bonded indebtedness of district No. 105 was permitted to stand, all the property in district No. 34 would be subject to taxation for the payment of such existing bonded indebtedness, and interest thereon. By way of relief, plaintiffs sought an injunction against the defendants enjoining them and their successors from collecting any tax from the property of the plaintiffs within the territory of what was district No. 34, for the payment of the existing bonded indebtedness, and interest of district No. 105.

Defendants demurred to the petition, as amended, on the ground it failed to state facts sufficient to constitute a cause of action, and that the plaintiffs had no legal capacity to sue. The trial court sustained the demurrer, generally, from which plaintiffs appeal. They do not seek to set aside the annexation of district No. 34 by district No. 105. They contend that the assumption of the bonded indebtedness of the annexing district was not included in the posted notice as one of the objects of the special meeting, nor on the ballot, and that the action on that matter at such meeting was void. At the outset we are confronted with defendants' motion to dismiss the appeal on the ground that plaintiffs had no right to maintain the action. We will not dwell on this question. Assuming they had a right to maintain the action, they cannot prevail for the reasons hereinafter stated.

The determinative question is whether the notice of the special meeting and the ballot met the requirements of the statutes.

The answer requires an examination of the pertinent statutes, G. S. 1955 Supp., ch. 72, art. 4, and art. 8. All sections hereinafter referred to will be found therein, unless otherwise indicated.

Section 72-402 provides that in common-school districts, special meetings may be called at any time by the board. Section 72-403 provides that the board shall give ten days' notice previous to any special meeting by posting notices specifying the object for which the meeting is called. The section provides, in such pertinent part:

". . . All notices shall include the time and place of such meeting.

Every notice of a special meeting shall specify the object for which the meeting is called, and no business shall be acted upon that was not specified in said notice. In the event that a proposition to consolidate with or to be annexed to another common-school district is to be voted on at an annual or special meeting, the notice for such meeting shall state the proposition to be voted on."

The notice in the instant case clearly meets the requirements of this statute. The notice specified the object of the meeting, i. e., annexation, and the proposition to be voted on, i. e., whether district No. 34 should be reopened or annexed to another common-school district. It sufficiently informed the electorate of the proposition to be voted on. None of the taxpayers were misled by the notice, and there is no contention to the effect that they were misled. Inasmuch as the notice provided for annexation, the proceeding for such is controlled by section 72-829 of the same act, which provides:

"A common-school district may be disorganized and annexed to another common-school district or districts in the manner herein provided. An election shall be held in the district to be disorganized and annexed for the purpose of voting on a proposition for such disorganization and annexation, which proposition may provide that such annexed territory will assume its proportionate share of any existing bonded indebtedness of the annexing district or districts. The vote at such election shall be by ballot and if the proposition for disorganization and annexation shall carry, the clerk of the district board shall transmit copies of the proposition and the vote thereon to the clerk of the board of the annexing district or districts and to the county superintendent, or county superintendents, . . . Within twenty (20) days after receipt thereof, the board of the annexing district or districts, shall by resolution approve or reject such proposition of annexation, and the clerk of such board or boards shall transmit a copy of such resolution to the clerk of the district making the proposition of annexation and to the county superintendent, or superintendents, having jurisdiction over such districts: . . ."

The foregoing statute definitely states the manner in which a common-school district may annex to another; that an election shall be held for the purpose of voting on such annexation, and whether the annexed territory will assume its proportionate share of the existing bonded indebtedness of the annexing district, and that the vote at such election shall be by ballot. The notice of the meeting specified that its purpose was annexation. Inherent in that purpose was the question whether the district should assume its proportionate share of the existing bonded indebtedness of the annexing district.

The vote was had by ballot, by passing blank sheets of paper to each taxpayer to write thereon the word "yes" if he was for the

motion, or "no" if he was against it. They were duly collected, counted, and the motion declared carried, as aforementioned.

G. S. 1949, 72-903, applicable to consolidation and annexation, provided that the vote should be by ballot which should read, "for consolidation" or "against consolidation". The fact that the legislature in its act of 1951, ch. 396, repealed that section and enacted G. S. 1955 Supp., 72-829, previously quoted, is an indication that the vote at such election should be merely by ballot, and eliminated the previous requirement of a printed ballot.

In a somewhat analogous case of *Brown v. Summerfield Rural High School Dist. No. 3*, 175 Kan. 310, 262 P. 2d 943, we held that election booths were not required at a school election, and the reasons for such holding were discussed at length and will not be reiterated here.

There is nothing in the mentioned statute which requires the ballot to be printed or that the proposition be stated on the ballot, nor does the applicable statute say that the election shall be held in accordance wih the general election laws. The proposition was clearly stated in the motion, and the only ballot necessary was a written "yes" or "no" vote. The cases cited by plaintiffs are of no help as they involve statutes either repealed or entirely different from those involved in the instant case. Most, if not all, of the cases relied on by plaintiffs deal with the voting of bond issues. The instant case is a matter of annexation specifically provided for by chapter 72, article 8.

In view of what has been said, the judgment of the trial court in sustaining defendants' demurrers to the plaintiffs' petition, as amended, is affirmed.

HARVEY, C. J., not participating.